# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| G.P., an individual, | Case No. 22-CV-2682 |
| Plaintiff, | Judge Algenon L. Marbley |
| v. | |
| WYNDHAM HOTEL & RESORTS, INC., AND RED ROOF INNS, INC. | |
| Defendants. | |

## AMENDED ANSWER OF DEFENDANT RED ROOF INNS, INC. TO PLAINTIFFS REFILED COMPLAINT (WITH JURY DEMAND ENDORSED HEREON)

For its answer to Plaintiff Complaint, Defendant Red Roof Inns, Inc. states as follows:

## FIRST DEFENSE

1. It denies the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of Plaintiff's Complaint as it relates to it and denies for want of knowledge the remainder of the allegations contained in those paragraphs.

2. It denies for want of knowledge the allegations contained in paragraphs 11 and 12 of Plaintiff's Complaint.

3. It denies for want of knowledge the allegations contained in paragraphs 13, 14, and 15 of Plaintiff's Complaint.

4. It admits the allegations contained in paragraphs 16 of Plaintiff's Complaint.

5. It denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

6. It denies for want of knowledge the allegations contained in paragraphs 18, 19, and 20 of Plaintiff's Complaint.

7. It denies the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 of Plaintiff's Complaint as it relates to it and denies for want of knowledge the remainder of the allegations contained in those paragraphs.

8. It denies the allegations contained in paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43 of Plaintiff's Complaint as it relates to it and denies for want of knowledge the remainder of the allegations contained in those paragraphs.

9. It denies for want of knowledge the allegations contained in paragraphs 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 of Plaintiff's Complaint.

10. It denies the allegations contained in paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72 as it relates to it and denies for want of knowledge the remainder of the allegations contained in those paragraphs.

11. It denies the allegations contained in paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 100 as it relates to it and denies for want of knowledge the remainder of the allegations contained in those paragraphs.

12. With respect to paragraph 101 of Plaintiff's Complaint, it restates, as if fully rewritten herein, all previous responses to Plaintiff's Complaint.

13. It denies the allegations contained in paragraphs 102, 103, 104, and 105 as it relates to it and denies for want of knowledge the remainder of the allegations contained in those paragraphs.

14. It denies each and every allegation not heretofore expressly admitted to be true.

**AFFIRMATIVE DEFENSES**

15. Plaintiff claims against this answering Defendant are barred by the applicable statutes of limitations and/or repose.

16. Plaintiff's damages, if any, were caused by independent, intervening, and/or superseding acts by persons, firms, corporations or entities over which this answering Defendant exercised no control and therefore, Plaintiff's claims against this answering Defendant are barred.

17. Plaintiff has failed to join all necessary and indispensable parties to this action as required by the Federal Rules of Civil Procedure.

18. Plaintiff has failed to mitigate her damages, and therefore, her claims against this answering Defendant are barred in whole or in part.

19. Plaintiff has failed to state a claim against this answering Defendant upon which relief can be granted and therefore, her claims against this answering Defendant should be dismissed.

20. Defendant specifically denies that it was engaged, individually and/or collectively in any venture (joint or otherwise) which directly or indirectly violated any statutory or other rights of Plaintiff as alleged in the Complaint, thus all allegations and counts based upon such theories should be dismissed.

21. Defendant specifically denies that it knowingly adopted or ratified any alleged means of force, threats of force, fraud and/or coercion towards Plaintiff or in violation of any statutory or other rights of the Plaintiff as alleged in Plaintiff's Complaint, thus all allegations and counts based upon such theories should be dismissed.

22. Defendant denies that it knowingly or unknowingly aided, abetted or participated in a joint venture with any other party or person regarding the allegations in Plaintiff's Complaint.

23. Defendant did not have knowledge, actual, implied, constructive or otherwise, of and was not in a position to have knowledge of the activity, actions, and conduct made the subject

of Plaintiff's allegations and as such, was unable to intervene, address, report and/or prevent the same.

24. Plaintiff's claims, causes of actions and damages, if any, are the direct and proximate result of unforeseeable or criminal conduct for which Defendant is not liable.

25. This Court lacks personal jurisdiction over this Defendant.

26. The damages sought by Plaintiff are attributable to one or more persons from whom Plaintiffs do not seek recovery in this action.

27. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches or by the applicable statute of limitations.

28. Defendant asserts that Plaintiff's claims should be barred as there has been a failure or failures of a condition precedent for her to assert and/or maintain any action under the statutes and theories she presents in her Complaint.

29. Defendant asserts the affirmative defense of illegality.

30. Defendant asserts the affirmative defense of fraud and misrepresentation.

31. Defendant affirmatively alleges, in the alternative, that Plaintiff lacks a reasonable, good faith basis to bring this claim, thereby entitling it to an award of attorney's fees and costs.

32. Defendant states that Plaintiff is not entitled to either punitive damages and/or attorney's fees.

33. Plaintiff's claim is barred for lack of consideration.

34. One or more claims, including the claims for attorneys' fees and for punitive damages, violate FRCP 11(b).

35. One or more claims, including the punitive damage claims, violate 28 U.S.C. § 1927.

36. Plaintiff's recovery, if any, should be diminished, reduced, offset, or barred pursuant to the comparative or contributory negligence, fault, responsibility, or causation of others, including but not limited to Plaintiff.

37. Plaintiff's alleged damages are barred, in whole or in part, because the damages are speculative, excessive, unreasonable, and not caused by any conduct of this answering Defendant.

38. There has been an insufficiency of service of process upon this answering Defendant and therefore, Plaintiff's Complaint against this answering Defendant should be dismissed.

39. Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Red Roof Inn, Inc. prays that the same be dismissed and that it recover its costs expended herein.

Respectfully submitted,

GALLAGHER, GAMS, TALLAN,
BARNES & LITTRELL L.L.P.

By: */s/ Belinda S. Barnes*
BELINDA S. BARNES (0038539)
*Attorney for Defendant Red Roof Inn*
471 East Broad Street, 19th Floor
Columbus, Ohio 43215-3872
(614) 228-5151  FAX: (614) 228-0032
bbarnes@ggtbl.com

## JURY DEMAND

Defendant Red Roof Inn, Inc. demands a trial by jury of eight (8) persons.

*/s/ Belinda S. Barnes*
Belinda S. Barnes (0038539)

# CERTIFIATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via electronic mail on this 29th day of August upon the following:

Stevin C. Babin, Jr. (0093584)
Jennifer J. El-Kadi (00100660)
Kristina Aiad-Toss (0101336)
Babin Law, LLC
65 East State Street, Suite 1300
Columbus, Ohio 43215
Ph: 614-761-8800
E-mail: steven.babin@babinlaws.com
Jennifer.elkadi@babinlaws,com
Kristina.aoad-toss@babinlaws.com
*Attorneys for Plaintiff*

                                                      */s/ Belinda S. Barnes*
                                                      Belinda S. Barnes (0038539)

I:\BSB\136111 J&N Hospitality LLC (RRI)\PL\02 Amended Answer ss.docx