# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| G.P., an individual, | : | **CASE NO. 2:22-cv-2682** |
| Plaintiff, | : | **Judge Algenon L. Marbley** |
| | | **Related cases: No. 19-cv-849** |
| | : | **No. 21-cv-4933** |
| v. | | **No. 21-cv-4934** |
| | : | **No. 21-cv-4935** |
| | | **No. 21-cv-5022** |
| **WYNDHAM HOTELS AND** | : | **No. 22-cv-1924** |
| **RESORTS, INC., et al.** | | **No. 22-cv-2683** |
| | : | **No. 22-cv-2690** |
| Defendants. | | **No. 22-cv-2734** |
| | : | **No. 22-cv-3185** |
| | | **No. 22-cv-3202** |
| | : | **No. 22-cv-3203** |
| | : | |
| | : | **MOTION OF CINCINNATI** |
| | : | **INSURANCE COMPANY TO** |
| | | **INTERVENE** |
| | : | |
| | : | |

Pursuant to Federal Rule of Civil Procedure 24, Cincinnati Insurance Company ("CIC") moves this Court for an Order allowing it to intervene in this action. The purpose of intervention is to file a Complaint for Declaratory Judgment regarding insurance coverage issues arising under a contract of insurance between CIC and Aryan Rhea, Inc., dba Super 8 Motel that does or may encompass Wyndham Resorts and Hotels, Inc., ("Wyndham"), as an additional insured under the policy between Aryan Rhea and CIC. CIC seeks to participate in all aspects of this lawsuit. A Memorandum in Support of this motion follows along with the proposed intervening complaint, attached as Exhibit 1.

Respectfully submitted,

/s/ ERIN B. MOORE
Jane M. Lynch (0012180)
Erin B. Moore (0061638)
Green & Green, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
937.224.3333; 937.224.4311 (fax)
jmlynch@green-law.com
ebmoore@green-law.com
Attorneys for Intervenor, Cincinnati
Insurance Company

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

Plaintiff G.P. filed this lawsuit alleging she was the victim of sex trafficking beginning in 2013 to 2016. Doc. 1, Page ID#: 10-11. The Plaintiff's Complaint was filed on July 2, 2022. An Amended Complaint was filed September 29, 2022. Doc. 9. In that amended complaint Plaintiff alleges she was "subjected to sex trafficking" at the Super 8 Motel premises located at 330 Glensprings Drive., Cincinnati, Ohio 45246 from "2013 to 2014". Doc. 9, Page ID #74. This is the address of the hotel premises operated by CIC's insured Aryan Rhea, Inc. Plaintiff further alleges in part the following:

- That Wyndham owns, supervises, manages, controls, and /operates the Super 8 located at 330 Glensprings Dr., Cincinnati, Ohio. Doc. 9, Page ID#: 66 (¶24);

- That Wyndham is the principal in an agency relationship with the Glensprings Super 8 and is "liable, either directly, vicariously, or indirectly through an agency relationship for the

2

acts and/or omissions of the employees at its branded hotels, including the Wyndham Branded Cincinnati Properties where G.P. was trafficked". Doc. 9, Page ID#: 67 (¶24b);

- That Wyndham "knowingly benefited or received something of value" from the alleged sex trafficking. Doc.9, Page ID#: 67(¶24d).

Cincinnati Insurance Company (hereinafter "CIC") issued Policy No. INN 000 12 06 to Aryan Rhea, Inc., d/b/a Super 8 Motel, which lists the property located 330 Glensprings Drive, Cincinnati, Ohio. The policy contains provisions that could arguably include Wyndham as an additional insured, including but not limited to "insured contract" terms. Wyndham has also produced a certificate of insurance identifying it as an additional insured, although no additional insured endorsements have been located for the subject policy, specifically none identifying Wyndham as an additional insured.

Plaintiff did not file suit against the named insured Aryan Rhea, Inc., but rather named the Wyndham entity as a defendant. Wyndham has made a demand for defense and indemnity from CIC for G.P.'s claims, under the above referenced insurance contract between CIC and Aryan Rhea, Inc. CIC has tendered a defense to Wyndham in this lawsuit, subject to a reservation of rights.

CIC seeks to intervene in this lawsuit for the purpose of seeking a declaratory judgment regarding its obligations, if any, to defend and/or indemnify Wyndham in relation to G.P.'s claims against them. CIC also seeks the right to participate in all aspects of the lawsuit including but not limited to discovery and, if necessary, trial.

## II.  PROCEDURAL HISTORY

CIC is aware that this Court has denied multiple motions to intervene filed by other insurers as well CIC in the related case, *M.A. v. Wyndham Hotels & Resorts, Inc.,* S.D. Ohio No. 2:19-cv-

3

00849. CIC acknowledges that those motions to intervene, and the issues they presented, are similar to CIC's motion herein. But, under Ohio law, a failure of the insurance company to move to intervene may bind it under collateral estoppel. See, *Howell v. Richardson*, 45 Ohio St.3d 365, 544 N.E.2d 878 (1989); *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519 (2007) (holding that if the insurer is denied intervention, collateral estoppel will not prohibit future litigation of similar issues). Thus, CIC requests intervention be granted.

## III.   LAW AND ANALYSIS

### A.   CIC is entitled to intervene as of right

Federal Rule of Civil Procedure 24(a) governs when a person may "intervene as of right." To intervene as of right, the movant must establish: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *U.S. v. Tennessee,* 260 F.3d 587, 591-92 (6th Cir. 2001).

Here, CIC is entitled to intervention as a matter of right. First, CIC timely seeks to intervene. This lawsuit is in its initial stages as this Complaint was filed on July 2, and an Amended Complaint just filed on September 29, 2022. [1] CIC has a valid legal purpose for intervention, and no prejudice will befall the parties because of CIC's intervention. Second, CIC has a "substantial legal interest" in this lawsuit, namely its interest concerning what obligations, if any, it owes to Wyndham as an additional insured. Third, CIC's ability to protect its interest against plaintiff will be impaired absent intervention. Fourth, the parties in the lawsuit do not adequately represent CIC's interests.

---

[1] The amended complaint is also currently subject to a motion to dismiss by Wyndham filed November 28, 2022. If that motion is granted, this motion to intervene will be moot. However, if dismissal is not granted to Wyndham, CIC is entitled to intervene as set forth in this motion.

**B.** **CIC is also entitled to permissive intervention under Fed. R. Civ. P. 24(b)**

Federal Rule of Civil Procedure 24(b)(1) generally governs "permissive intervention." The court may permit intervention if the proposed intervenor establishes that the motion for intervention (1) is timely and (2) "has a claim or defense that shares with the main action a common question of law or fact." See, *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). If the proposed intervenor establishes these two requirements, the court must "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

Here CIC's motion (1) is timely and (2) alleges at least one common question of law or fact. CIC's motion is timely, since the Amended Complaint was recently filed. Moreover, CIC has a protectable legal interest that is subject to court evaluation and determination.

**IV.** **CONCLUSION**

For the reasons set forth herein, CIC requests this Court grant its Motion to Intervene.

Respectfully submitted,

/s/ ERIN B. MOORE
JANE M. LYNCH (0012180)
ERIN B. MOORE (0061638)
GREEN & GREEN, LAWYERS
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel. 937.224.3333
Email: jmlynch@green-law.com
ebmoore@green-law.com
Fax 937.224.4311
Attorneys for Intervenor, Cincinnati
Insurance Company

5

## **CERTIFICATE OF SERVICE**

We hereby certify that a true and accurate copy of the foregoing was served this 12th day

of January, 2023, by the Court's electronic filing system, upon all counsel of record.

/s/ ERIN B. MOORE
ERIN B. MOORE