IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| G.P., : <br> : <br>     Plaintiff, : <br> : <br>     v. : <br> : <br> WYNDHAM HOTELS & RESORTS, : <br> INC., *et al.*, : <br> : <br>     Defendants. : | Case No. 2:22-cv-2682 <br> Chief Judge Algenon L. Marbley <br> Magistrate Judge Elizabeth P. Deavers |

## OPINION & ORDER

This matter is before this Court on Defendant Wyndham Hotels & Resorts, Inc's ("Wyndham") Motion to Dismiss (ECF No. 15) and Cincinnati Insurance Company ("CIC") Motion to Intervene (ECF No. 23). For the following reasons, Wyndham's Motion to Dismiss is **DENIED as MOOT** (ECF No. 15) and CIC's Motion to Intervene is **DENIED** (ECF No. 23).

### I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Relevant here, Plaintiff, G.P., alleges she was sex trafficked in three Wyndham-branded hotels, including a Super 8 Motel in Cincinnati, Ohio. (ECF No. 47, ¶¶ 49–78). Plaintiff seeks to hold Defendants liable for "facilitating violations of the TVPRA through their participation in the harboring, maintaining, soliciting, and advertising of Plaintiff and her traffickers," knowingly participating in a sex trafficking venture on its hotel properties, and financially benefitting from the sex trafficking she suffered. (*Id.*, ¶¶ 139–140).

Plaintiff commenced this action in July 2022. (ECF No. 1). On November 28, 2022, Wyndham filed a Motion to Dismiss. (ECF No. 15). On January 12, 2023, pursuant to Federal Rule of Civil Procedure 24, CIC moved to intervene for the purpose of seeking a declaratory

1

judgment regarding its obligations, if any, to defend and/or indemnify Wyndham as an additional insured of an insurance contract between CIC and Aryan Rhea, Inc., dba Super 8 Motel in relation to Plaintiff's claims against Wyndham. (ECF No. 23 at 1–3). CIC also seeks to participate in all aspects of the lawsuit. (*Id*. at 1). Wyndham made a demand for defense and indemnity from CIC for Plaintiff's claims for the claims asserted against Wyndham by Plaintiff in this litigation. (*Id.* at 3). As a result, CIC argues it has a right to intervene, pursuant to Rule 24(a), to protect adequately its interests. (*Id.* at 4). Alternatively, CIC argues this Court should exercise its discretion to grant permissive intervention, pursuant to Rule 24(b)(1). (*Id.* at 5).

On May 9, 2023, however, Plaintiff filed a Second Amended Complaint adding new defendants and allegations regarding knowledge of the alleged trafficking and failure to implement safety protocols. (ECF No. 47, ¶¶ 99–106). Shortly after, Plaintiff filed a response brief to CIC's Motion to Intervene and CIC replied. (ECF No. 48; 49). Therefore, this Motion is ripe for review.

## II. MOTION TO DISMISS

As a general matter, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) (citing *Parry v. Mohawk Motors of Mich. Inc.*, 236 F. 3d 299, 306 (6th Cir. 2000). While courts may still consider a motion to dismiss filed prior to an amended complaint where the amended complaint is "substantially identical to the original complaint," *see Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014), that situation is not present here given the substantive changes to Plaintiff's complaint. Therefore, Wyndham's Motion to Dismiss is **DENIED AS MOOT**. (ECF No. 15).

2

### III. MOTION TO INTERVENE

#### A. Standard of Review

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> "[C]laims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, it "does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id.*

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

#### B. Intervention as of Right

CIC states in a conclusory fashion that it meets the four prongs of the *Granholm* test but does not provide any explanation for why it believes this Court should grant this Motion. (ECF No. 23 at 4). CIC also asserts that under Ohio law, failure to intervene may bind it under collateral

3

estoppel. (*Id.*) (*Howell v. Richardson*, 544 N.E.2d 979, 881 (Ohio 1989). For thoroughness, however, this Court will address the arguments raised by Plaintiff in response to this Motion.

*1. Substantial legal interest*

This Court begins its analysis with a discussion of Movant's asserted interests in this case—prong two of the Sixth Circuit's test.[1] Plaintiff argues that CIC's interest is contingent rather than direct. (ECF No. 48 at 5). Plaintiff adds that CIC's only interest in this Motion is to preserve its right to intervene under Ohio law, which requires insurance companies to move to intervene or else they may be bound by collateral estoppel. (*Id.*); *see Howell*, 544 N. E. 2d at 881.

CIC's interest here is not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and not related to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (insurer's claim to intervene in a copyright infringement/unfair competition action was wholly unrelated to the underlying intellectual property dispute, and therefore, intervention was inappropriate). Here, this Court finds CIC's interest is merely contingent because its stake in this litigation is dependent on a determination of Defendant Wyndham's liability and an adjudication of CIC's obligations under the insurance contract, which are separate and apart from Plaintiff's TVPRA claim. *See Siding and*

---

[1] This Court begins the analysis with the second prong. CIC's motion to intervene was filed about three months after the Amended Complaint and prior to the filing of the Second Amended Complaint. Generally, courts have found timely motions filed at similar stages of the case. *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829, at *2 (S.D. Ohio Jan. 7, 2000) (finding motion to intervene timely when filed slightly over three months after the complaint before significant discovery had taken place). Because the parties' discussion of timeliness is minimal, and because this Court finds CIC's Motion fails for other reasons, it is not necessary to undergo analysis of the timeliness of this case. *See Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000).

4

*Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (explaining that the insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). It is therefore not sufficiently direct and immediate to justify intervention as a matter of right.

*2. Interest will be impaired without intervention*

In response to CIC's assertion that its interests will be impaired without intervention (ECF No. 23 at 4), Plaintiff asserts that CIC's insurance dispute is not properly considered part of G.P.'s TVPRA claim, and such a dispute could "interfere with and in effect control the defense." (ECF No. 48 at 6). Plaintiff argues that to add CIC would only delay and prejudice the original parties because a new, complex issue of insurance would be introduced into the litigation. (*Id.*). Further Plaintiff argues that CIC has other avenues to pursue this issue. (*Id.* at 6–7).

CIC is not without recourse here. An insurer in CIC's position may still pursue a separate declaratory judgment action. In 2007, the Ohio Supreme Court clarified its prior ruling in *Howell* requiring an insurer to seek intervention to avoid subsequent collateral estoppel on the issue. The court ruled that where an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Therefore, as CIC recognizes in its Reply, it is not collaterally estopped from pursuing future litigation against Wyndham because it filed this Motion. (ECF No. 49 at 1). Additionally, there is a risk of "delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute" because it would require Plaintiff "to become involved in a coverage dispute in which [she] does not yet have an interest." *M.A.*, 2022 WL 622124, at *4. Therefore, CIC's interests will not be impaired without intervention, and to allow it to intervene will only prejudice the existing parties.

5

*3. Sufficiency of representation*

CIC has offered no explanation for why it believes the existing parties do not adequately represent its interests. As CIC's interest is contingent and its asserted interest will not be impaired if intervention is denied, this Court need not decide whether its interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that CIC's interests would not be adequately represented by the existing parties. Plaintiff and Wyndham have a strong interest in litigating the issue of Wyndham's liability under the TVPRA. Accordingly, CIC is not entitled to intervention as of right under Rule 24(a)(2).

## C. Permissive Intervention

Alternatively, CIC seeks permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." (ECF No. 23 at 5). It argues CIC's motion is timely and alleges at least one common question of law or fact. (*Id.*). Plaintiff, meanwhile, argues that CIC's dispute does not share common questions of law or fact with this lawsuit because CIC's dispute relates to coverage and contract interpretation, not sex trafficking. (ECF No. 48 at 7–8). Additionally, Plaintiff asserts that CIC's Motion is an unnecessary interjection that would require substantial time, energy, and delay to dispute and discover. (*Id.* at 9).

A motion for permissive intervention "should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010). While CIC is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This

6

interest is contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. Accordingly, CIC's interest is not based on a sufficiently similar question of law or fact.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which [she] does not yet have an interest." 2010 WL 1839036 at *4; *see also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012, at *2 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds . . . would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant CIC permissive intervention.

## IV. CONCLUSION

For the foregoing reasons, Proposed Intervenor CIC's Motion to Intervene (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 7, 2023**